Commonwealth *v.* Harvey.

COMMONWEALTH *vs.* LUKE HARVEY.

On the trial of an indictment for being a common seller of spirituous liquors, a witness testified that he saw six barrels being moved into the defendant's cellar, and that the teamster told him, in the defendant's presence, that they were barrels of gin; and the jury were instructed that the remark of the teamster could not be regarded by them, unless satisfied that the defendant heard it. *Held,* that this instruction might have been understood by the jury as implying that the defendant's silence was, at all events, and without reference to the accompanying circumstances, an acquiescence in the truth of what was said; and that the defendant was therefore entitled to a new trial.

THE defendant was indicted for being a common seller of spirituous liquors, and tried in the court of common pleas for the county of Hampden at May term 1854, before *Byington,* J.

John Shea, called as witness for the Commonwealth, testified that on St. Patrick's day, about four months before the trial, one Braman, a constable, hailed him, and asked him to help him move six barrels into the defendant's cellar; the defendant said one of them was a barrel of beer; the witness did not know what

was in the barrels; the teamster told him they were barrels of gin; the defendant was present, but whether he heard, the witness did not know; they were not empty barrels, and the witness helped to get them into the defendant's cellar.   On cross examination, he testified that Braman had previously taken the barrels from the defendant, by virtue of a search warrant issued under *St.* 1852, *c.* 322, § 14.   The defendant objected to the above evidence, but it was admitted.   And " the jury were- instructed that the remark of the teamster could not be regarded by them, unless satisfied that the defendant heard it."   The defendant alleged exceptions.

*E. W. Bond*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

MERRICK, J.   There is no doubt that John Shea was properly permitted to testify to what was said to him by the teamster in presence of the defendant.   It was a material inquiry upon the trial of the indictment against him, whether he was, at the time specified in it, in possession of a considerable quantity of spirituous liquors, put up in such casks and vessels as it is usually kept in when prepared and intended for sale.   And the evidence offered tended to show that he was.   For an admission of a party may sometimes be implied from his acquiescence in what is asserted by others in his hearing, as well as proved by evidence of his own direct and distinct declaration.   But the instructions, according to the brief and perhaps imperfect report of them in the bill of exceptions, under which the testimony of Shea was submitted to the jury, did not explain the principle upon which it was admissible, and were consequently calculated to give it a force and effect to which, without proof of other facts, it was not legally entitled.   In connection with the information given them, that the remark of the teamster was competent evidence, if it was heard by the defendant, no advice or caution was given them to consider the circumstances under which it was made.   They were told only not to regard it, unless they were satisfied it was heard.   This implied, or at any rate might seem to the jury to imply, that if he did hear it, his silence was, at all events, and without any reference to the accompanying

Commonwealth *v.* Harvey.

circumstances, to be considered as a tacit acquiescence in the truth of what was said to the teamster. And acting upon the assumption that such was a reasonable and necessary implica tion, as we think they might, upon the exposition of the rule of law which was given to them, have felt themselves well war ranted and authorized to do, it may be that injustice has been done to the defendant by an erroneous verdict against him. An acquiescence, to have the effect of an admission, must exhibit some act of the mind, some purpose designed, some object intended. Before an acquiescence in the language or conduct of others can be assumed as a concession of the truth of any particular statement, or of the existence of any particular fact, it must plainly appear that the language was heard, and the conduct understood. Nor is that alone sufficient. It should also be made to appear that the party, to whose silence a conse- quence so important and material is attributed, had not only an opportunity to speak for himself, but was in a situation where it would have been fit, suitable or proper for him, or he would have been likely, according to common experience, to have done so. 1 Greenl. Ev. § 107. But if he forbore to reply to remarks made in his presence, not because they were unheard, but because other objects of greater interest or more pressing im- portance then absorbed his attention, or because he was acting under professional advice and upon a preconceived purpose to make no communication, to take no share in the conversation, and to stand clear of all responsibility in relation to whatever might be said, it is obvious that no admission was intended, and that none could be legitimately deduced from such a forbear- ance.

As the explanations, necessary to enable the jury rightly to understand and appreciate the rule of law, under which they were to deliberate and decide upon the evidence before them, did not accompany the instructions which were given them by the presiding judge, and as they might, in consequence of such deficiency, have allowed it too much weight and importance, a new trial must be granted. *Exceptions sustained.*